IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAYFORD KENNETH DAVIS, JR., §<br>    PLAINTIFF, §<br> §<br>V. §<br> §<br>COUNTY OF DALLAS, ET AL. §<br>    DEFENDANTS. § | CASE NO. 3:19-CV-1494-B-BK |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the undersigned magistrate judge for pretrial management, including issuing findings and a recommended disposition when appropriate. *See* 28 U.S.C. § 636(b) and *Special Order 3*. Upon review, Plaintiff's claims against the remaining Defendants should be dismissed under Federal Civil Procedure Rule 4(m) for failure to effectuate service.[1]

On May 15, 2019, Plaintiff filed this *pro se* lawsuit against numerous defendants—including Dallas County 254th IV-D Court[2], its judges, and its staff— alleging constitutional violations arising from child support orders entered against him by that Court. Doc. 1. Plaintiff paid the Court's filing fee and was thus responsible for serving summonses and copies of his complaint on Defendants within 90 days pursuant to Rules 4(c)(1) and 4(m) of the Federal Rules of Civil Procedure. Doc. 8.

---

[1] On February 5, 2020, Plaintiff filed his *Notice of Stipulated Dismissal*, Doc. 33, voluntarily dismissing his suit under Rule 41(a)(1)(A)(i) against Defendants Darlene Ewing, Don Turner, Sean Finn, Jane Doe (bailiff), Lindsey Lacy, Michelle E. Heron, Tiffany S. White, Benny Powell, Kayla M. Massey, Pamela Shock, Gabrielle R. George, Renie McClellan, Sean Camarillo, Karen E. Young, and Jason C. Miller, Doc. 33.

[2] Defendant avers that its correct name is the 254th Judicial District Court. Doc. 18 at 1.

After providing notice, a district court may dismiss a case, *sua sponte*, without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. FED. R. CIV. P. 4(m). "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted). Actions, or the lack thereof, that fall into the categories of inadvertence, mistake, or ignorance of the law are not a sufficient showing. *Id.* at 646. The Court nevertheless retains the discretion to extend the time for service even in the absence of good cause. *Thompson v. Brown*, 91 F. 3d 20, 21 (5th Cir. 1996).

On January 14, 2020, noting that eight months had passed since Plaintiff filed this lawsuit and he had failed to properly serve any Defendant, the Court ordered Plaintiff to complete service or show good cause for failing to do so by February 13, 2020. Doc. 27. Despite the Court's warning that Plaintiff's failure to do so would result in this case being dismissed under Federal Civil Procedure Rule 4(m), Doc. 27, Plaintiff has done neither.

Plaintiff's prior attempts to serve Defendants was improper. Plaintiff averred that on July 22, 2019, he served the Dallas County 254th IV-D Court through Kristi Serrano, Chief Clerk, via Certified Mail. Doc. 15 at 1. He also indicated his intent to serve other Defendants in the same manner. *See* Doc. 13 at 2 ("I have enclosed a self-addressed, postage paid envelop for copies to be returned so that I can serve them upon defendants by certified mail."). Plaintiff's attempt to serve Defendants is invalid, as a party may not serve process. *See* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and *not* a party may serve a summons and complaint.") (emphasis added). Moreover, Plaintiff's attempted service on the Dallas County 254th IV-D Court is also unacceptable since, as a county entity, it must be served "by delivering a copy of

the summons and complaint to its chief executive officer, [to-wit:] the County Judge." *Clark v. Johnson County*,.3:01-CV-2231-M, 2002 WL 912778, at *2 (N.D. Tex. Mar. 27, 2002) (Lynn, J.) (citing FED. R. CIV. P. 4(j)(2)).

Despite the Court's warning, Plaintiff has not attempted to show good cause for failing to properly effect service even though almost a year has passed since he filed his complaint. Under these circumstances, the Court concludes that Plaintiff simply cannot or will not comply with the Court's orders and Rule 4, and further extensions are not warranted.

### IV.  CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to timely effectuate service of summonses and copies of his complaint on the remaining Defendants as required by the Federal Rules of Civil Procedure and to follow an court order.

**SO RECOMMENDED** on February 18, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).